UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF KENTUCKY

COMPLAINT PURSUANT TO THE CIVIL RIGHTS ACT
42 U.S.C. § 1983

§ 1981, § 1985 AND § 1988

| | |
|---|---|
| Robert Charles. Johnson # 179241<br>Roederer Correctional Complex<br>P.O. Box # 69<br>La Grange, Kentucky 40031<br><br>PLAINTIFF<br><br><br>Vs.<br><br><br>The City of Franklin, County of<br>Simpson, Kentucky; Captain Wayen Mayfield;<br>Detective Michael Yates; Sergeant Herman Hall;<br>Sergeant Shannon West; Trooper Dathan Tarrence;<br>Trooper John Holbrook; Trooper Charles Swiney;<br>Deputy U.S. Marshal Kevin R. Koback; Officer-<br>Kenneth Rippy, Lieutenant Stan Jones;<br>Lieutenant Rex Prince; Lieutenant Bill Payton;<br>Lieutenant Eric Wolford; Sergeant Chris Curry;<br>Officer John McFarland; Officer James Grant;<br>Officer John Doe; and Officer Jane Doe.<br><br>DEFENDANTS | CIVIL ACTION NO:<br><br>_____<br><br>COMPLAINT FOR VIOLATION<br>OF CIVIL RIGHTS UNDER<br>COLOR OF STATE LAW<br>(42 U.S.C. SECTIONS<br>1981, 1983, 1985 AND<br>1888), VIOLATION OF<br>UNRUH CIVIL RIGHTS ACT<br>( KRS. Chapter 508,<br>Section 508.010, and<br>RCr 2.02, of the<br>Rule of Criminal<br>Procedure) STATE COMMON<br>LAW BATTERY AND NEGLIG-<br>ENCE; DEMAND FOR JURY<br>TRIAL. |

PARTIES:

Name of Plaintiff:   Robert Charles. Johnson
Address:             Roederer Correctional Complex
                     P.O. Box # 69
                     La Grange, Kentucky 40031


(1).    Defendant, [Wayne Mayfield], is employed as, Captain of the
        Kentucky State Police, at, Post # 3, Bowling Green, Kentucky
        42101.   The Defendant is being sued in his, ( X ) individual
        ( X ) official capacity.

-1-

(2).    Defendant, [Michael Yates], is employed as, Detective with the Kentucky State Police at Post # 3, Bowling Green, Kentucky 42101.  The defendant is being sued in his (X) individual (X) official capacity.

(3).    Defendant, [Herman Hall], is employed as, Sergeant with the Kentucky State Police at Post # 3, Bowling Green, Kentucky 42101.  The defendant is being sued in his (X) individual (X) official capacity.

(4).    Defendant, [Shannon West], is employed as, Sergeant with the Kentucky State Police at Post # 3, Bowling Green, Kentucky 42101.  The defendant is being sued in his (X) individual (X) official capacity.

(5).    Defendant, [Dathan Tarrence], is employed as, Trooper with the Kentucky State Police at Post # 3, Bowling Green, Kentucky 42101.  The defendant is being sued in his (X) individual (X) offical capacity.

(6).    Defendant, [John Holbrook], is employed as, Trooper with the Kentucky State Police at Post # 3, Bowling Green, Kentucky 42101.  The defendant is being sued in his (X) individual (X) official capacity.

(7).    Defendant, [Charles Swiney], is employed as, Trooper with the Kentucky State police at Post # 3, Bowling Green, Kentucky 42101.  The defendant is being sued in his (X) individual (X) official capacity.

(8).    Defendant, [Kevin R. Koback], is empolyed as, United States Marshal, at Room A-750, 110 9th Avenue, Nashville, Tennessee. 37203.  The defendant is being sued in his (X) individual (X) official capacity.

(9).    Defendant, [Kenneth Rippy], is employed as, Police Officer with the Portland Police Department, Sumner County, Tennessee 117 W. Smith Street, Gallatin, Tennessee. 37148.  The defendant is being sued in his (X) individual (X) official capacity.

(10).   Defendant, [Stan Jones], is employed as, Lieutenant with the Portland Police Department, Sumner County, Tennessee 117 W. Smith Street, Gallatin, Tennessee. 37148.  The defendant is being sued in his (X) individual (X) official capacity.

(11). Defendant, [Rex Prince], is employed as, Lieutenant with the Tennessee Highway Patrol at, 1150 Foster Avenue, Nashville, Tennessee. 37224. The defendant is being sued in his (X) individual (X) official capacity.

(12). Defendant, [Bill Payton], is employed as, Lieutenant with the Tennessee Highway Patrol at, 1150 Foster Avenue, Nashville, Tennessee. 37224. The defendant is being sued in his (X) individual (X) official capacity.

(13). Defendant, [Eric Wolford], is employed as, Lieutenant with the Tennessee Highway Patrol at, 1150 Foster Avenue, Nashville, Tennessee. 37224. The defendant is being sued in his (X) individual (X) official capacity.

(14). Defendant, [Chris Curry], is employed as, Sergeant with the Tennessee Highway Patrol at, 1150 Foster Avenue, Nashville, Tennessee. 37224. The defendant is being sued in his (X) individual (X) official capacity.

(15). Defendant, [John McFarland], is employed as, Police Officer with the Tennessee Highway Patrol at, 1150 Foster Avenue, Nashville, Tennessee. 37224. The defendant is being sued in his (X) individual (X) official capacity.

(16). Defendant, [James Grant], is employed as, Police Officer with the Tennessee Highway Patrol at, 1150 Foster Avenue, Nashville, Tennessee. 37224. The defendant is being sued in his (X) individual (X) official capacity.

(17). Defendant, [John Doe], is employed as, Unknown Police officer with either the Tennessee Highway Patrol, or the Kentucky State Police. The defendant is being sued in his/her (X) individual (X) official capacity.

(18). Defendant, [Jane Doe], is employed as, Unknown police Officer with either the Tennessee Highway Patrol, or the Kentucky State Police. The defendant is being sued in his/her (X) individual (X) official capacity.

1. PERVIOUS LAWSUITS

   I have not begun other lawsuits in State or Federal Court dealing with the same facts involved in this action.

2. PLACE OF PRESENT CONFINEMENT

   Roederer Correctional Complex
   P.O. Box # 69
   La Grange, Kentucky 40031

-3-

3.  This is a non-grieveable issue, because my claim took place outside of the prison system, and therefore can't be addressed via the grievance system within the institution.

## INTRODUCTION

4.  This is a civil rights action for compensatory and punitive damages brought against the City of Franklin, Simpson County Kentucky, The Kentucky State Police, United States Marshals Service, Portland Police Department, Sumner County, Tennessee, Tennessee Highway Patrol. Shortly after 9:00 a.m on January, 16th 2004, in Franklin, Simpson County Kentucky, the Plaintiff, Robert Charles. Johnson, while suffering from a mental illness, states he was brutally and unjustifiably beaten and terrorized by the combined and concerted activity of the police officer defendants named herein following a motor vehicle chase, after evading the police in, Franklin, Simpson County, Kentucky.

In a scene on Interstate 65-northbound, the Plaintiff was intentionally and unnecessarily subjected to the excessive and illegal use of deadly force by at least five (5) of the defendants named herein, while numerous other named and unnamed defendant looked on supportively or, at best, impassively. Further, defendants attempted to cover-up their culpability by concealing the facts surrounding the incident and defaming the plaintiff. As a result of the defendants willful and outrageous actions, Plaintiff suffered [Closed Head Injury] Neck injury, and severe and lasting physical injuries profound emotional and phychic trauma, humiliation and embarrassment, injury to his reputation, and a fundamental affront to his human dignity.

The Plaintiff's beating/injuries, although accomplished by

-4-

the individual police officers present, was also a direct product of certain Constitutionally deficient policies, practices and customs implemented, maintained and tolerated by the Kentucky State Police, Tennessee Highway Patrol and the Portland Police Department, and the City of Franklin with respect to police tactics and the hiring, training, supervising and disciplining of police force personnal. Such de facto policies and pervasive practices and customs were the proximate cause of Plaintiff's injuries, and represent the deliberate indifference of the City of Franklin, Simpson County, Kentucky and its police department to the physical safety and Constitutional rights of its inhabitants.

The Plaintiff's beating/injuries was not a singular event or aberration, but rather the latest in a long series of incidents of excessive use of force involving local law enforcement agencies with jurisdiction over the City of Franklin, Kentucky.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331 (federal question) and 28 U.S.C. Section 1343 (3) (Civil rights). Venue lies in the Western District Of Kentucky, the judicial district in which the claim arose pursuant to 28 U.S.C. Section 1391 (b).

## PARTIES

6. Plaintiff, Robert Charles. Johnson, is a competent adult, a citizen of the United States and is now a resident of the State of Kentucky, residing in, LaGrange, Oldham County. Kentucky.

-5-

7.          Defendant City of Franklin, Simpson County is a municipality operating pursuant to its Charter and organized and incorporated under the law of the State of Kentucky.  Defendant Wayne Mayfield, is the Captain of the Kentucky State Police, Post # 3, located in, Bowling Green, Kentucky.  Defendant Michael Yates is a Detective with the Kentucky State Police, Post # 3, located in, Bowling Green, Kentucky.  Defendants Herman Hall, and Shannon West are Sergenants with the Kentucky State Police, Post # 3, located in, Bowling Green, Kentucky.  Defendants Dathan Tarrence, John Holbrook, and Charles Swiney are Troopers with the Kentucky State police, Post # 3, located in, Bowling-Green, Kentucky.  Defendant Kevin R. Koback, is a United States Marshal, and is assiged to the Nashville Division of the U.S. Marshals Service.  Defendant Kenneth Rippy, is a Police Officer with the Portland City Police Department, located in, Sumner County, Tennessee.  Defendant Stan Jones, is a Lieutenant with the Portland City Police Department, located in, Sumner County, Tennessee.  Defendants Rex Prince, Bill Payton, and Eric Wolford, are Lieutenants with the Tennessee Highway Patrol, located in, Nashville, Tennessee.  Defendant Chris Curry is a Sergenant with the Tennessee Highway Patrol, located in, Nashville, Tennessee.  Defendants John McFarland, James Grant are Police Officers with the Tennessee Highway Patrol, located in, Nashville, Tennessee.  Defendants John Doe and Jane Doe are being sued by such fictitious names, because their true identities have yet to be ascertained.

8.          All or most of the foregoing individuals are residents of this judicial district, acted under color of state law

and municipal authority, and were involved in one capacity or another in the brutal detention and arrest of the Plaintiff and/or in the attempted concealment and cover-up of the Plaintiff;s beating/injuries.

## FACTS

9. In the early morning hours on January 16th 2004, at approximately 8:30.a.m, the Plaintiff was enroute to met with his boss, Jerome V.-Barker at a job site on Hudson Street in North Nashville, Tennessee. He arrived at the job site, and was bringing his truck to a stop in the middle of the street, so that he could back into the drive-way located at the job site. Suddenly, a 4-door Sport-Utility-Vehicle (SUV) appeared out of nowhere, and pulled in front of the Plaintiff's truck, blocking his path, the (SUV) was half on the street, and half off the street. The Plaintiff looked up to investigate, and seen a man pointing a handgun at him through the windshield of the (SUV), out of nowhere, another vehicle appeared in behind the Plaintiff blocking his path. Due to this area of town not being the most promising part of Nashville, the Plaintiff froze, panicked and chose to flee from the site believing that he was about to be robbed or killed for two (2) pieces of Power Equipment that he was in the process of delivering to his boss.

10. The Plaintiff choose to head to the highway, hoping he could lose the two (2) vehicles that were in the distance, but following him. Traffic was heavy, so initially the Plaintiff was able to loose the two (2) vehicles that were once following him, until he got to the Rivergate Exit on interstate I-65 North, then from the ramps leading up to the interstate, several marked and unmarked squad cars appeared in behind the Plaintiff.

11. The Plaintiff having been diagnosed with chronic paranoid schizoefftive disorders, panicked and continued North in complete confusion, as police cars began to surround him, it was during this time that the plaintiff heard a number of gun shots, at this point, believing he may be killed, he refused to stop. The plaintiff received a phone call via his cell phone from a family member, informing him that law enforcement agencies were chasing a Wanted Fugitive, Bank Robber. The plaintiff noticed man in black standing in the median firing at him as he drove by, the plaintiff continued North, trying to avoid the gun shots and cars, that were coming from everywhere.

12. The Plaintiff who has a history of mental illness and in on prescribed medications, [Lexapro, Wellburtrin and Trazodone] was petrified, and further confused, just wanted to make it into the state of Kentucky, so he could stop and request assistance from the Kentucky State Police.

13. The Plaintiff exited interstate I-65, onto 31-W North to stop, however, there were still more people in the ditches shooting at him as well, so he got back onto the highway and crossed the border into Kentucky to find two (2) Kentucky State Police vehicles coming to meet him as he crossed the state line.

14. The Plaintiff was driving on two (2) flat tires, and lost control of his vehicle, hitting the guardrail and coming to a stop and final resting position in Franklin, Simpson County, Kentucky.

15. The Plaintiff was unarmed, and never excessed the speed limits, nor dis-obeyed any traffic signs or lights. Further, the two (2) vehicles that attempted to block the plaintiff in at his job site, had no identifiable decals, signs, lights, sirens, or other police type of equipment, and both gentleman operating these two (2) vehicles were wearing only plainclothes, and was armed.

16. It is the following chain-of-events that are the cause of the instant action, therein, the Plaintiff's Constitutional rights were violated by the actions or inactions of the multijurisdictional law enforcement agencies involved, that had caused the plaintiff to receive serious physical injuires.

17. Once the plaintiff's vehicle came to a stop, he was given a verbal command from said officers, plaintiff complied with the officers commands without objection or delay, other than unlocking his door, once the door was unlocked the plaintiff was pulled from his vehicle and placed onto the highway by, ( Kentucky State Police, hereinafter referred to as [KSP] ), Trooper John Holbrook, please see Trooper Holbrook's written report, wherein it states, "The operator, Robert-Charles. Johnson raised his arms as if to surrender", and further states that he is the officer who pulled the plaintiff from the vehicle with the assistance of a plain-clothes, (Tennessee Highway-Partol, hereinafter referred to as [THP] ), and the plaintiff was placed face down onto the ground, however, his face never hit the ground, because his arms were under his body up near his chest and neck area".

18. Trooper Holbrook further reveals within his writtrn report that, " I observed someone's hand grasp Mr. Johnson/Plaintiff by the hair and [slam his head against the highway several times] during this time I was unable to identify whom this individual was. Several officers had jumped in attempting to assist. During the struggle, I observed someone with a black long sleeve shirt reach down and spray Mr. Johnson/Plaintiff with OC spray. I noticed a police officer wearing a black uniform with stars on his coller standing close to Mr. Johnson's/Plaintiff's head.".

Since Mr. Johnson/Plaintiff was bleeding from the forehead, I

retrieved bandages from my car and dressed his wounds. At no time did the individual who sprayed Johnson offer to administer after care. Trooper Holbrook goes on to say in his report that at no time did he observe any uniform officers from the Highway Patrol being involved with the struggle. See [KSP] Trooper John Holbrook's report attached and labeled as exhibit [A].

19. Sergenant Herman Hall of the [KSP] also involved gave a written report, wherein he stated, " After a short struggle, Mr. Robert Charles Johnson was handcuffed. He was rolled over and was sitting on the roadway. I was standing approximately eight feet behind Mr. Robert Charles Johnson when I observed a plainclothes individual positioned on Mr. Robert Charles Johnson's left side use his [right-foot to kick Mr. Robert Charles Johnson twice to his left back rib-cage area]. I quickly stepped between the plainclothes individual and Mr.Robert Charles Johnson, grabbing the plainclothes person and ordering him to back off. The plainclothes individual stated, "Sorry", and I noticed Mr. Robert Charles Johnson was being led by some of the Tennessee Police officers to a Tennessee marked cruiser parked behind the incident secne".

20. Trooper Hall further stated within his report, that the plaintiff was placed into a [THP] cruiser, but was quickly removed and placed into a [KSP] cruiser, and was bleeding from injuries on his head and nose. See [KSP] Trooper Herman Hall's report wherein he states he witnessed an unknown individual [slam the plaintiff's head against the highway, and another unknown individual spray the plaintiff with the OC spray]. Noteworthy, Trooper Hall also mentions in his report that, Trooper Dathan Tarrence effectived a successful PIT maneuver, however, in Trooper Dathan Tarrence's written report, he never mentions this so-called PIT maneuver being effectived,

-10-

to the contrary, stated that the plaintiff lost control of his vehicle, and struck a guardrail, and skidded backwards and struck a cruiser in the passenger side causing damage.

21. Trooper Tarrence further states that the plaintiff was traveling at approximately 45 miles per hour, and that the vehicle in which the plaintiff was traveling was reported [stolen], and that he did observe several police officer assisting in the arrest of the suspect. See [KSP] Trooper Dathan Tarrence 's report attached and labeled as exhibit [ B ]. And See Trooper Holbrook's report, exhibit [ C ].

22. Notwithstanding plaintiff's willingness to comply with the law enforcement officers, by [ raising his arms as if to surrender, and by unlocking his door], he was brutally attacked and terrorized with deadly force by several of the defendants, including among others, [Portland City Police Officer, Kenneth Rippy] the unidentified person mentioned in Trooper Hall's/Holbrook's report, who is the the person responsible for (grabbing the plaintiff's hair and slamming his head into the highway several times); [TSP]  Officer James Grant, the other unidentified person mentioned in the Troopers report, the [plainclothes individual, who Trooper Hall notice use [his right-foot to kick the plaintiff twice in the rib cage]; Lieutenant Stan-Jones, the additional unidentified individual is the person who is mentioned in the Troopers reports that was wearing a long sleeved black shirt with stars on the coller, who sprayed the plaintiff with the OC spray, or pepper-spray.

23. [KSP] Trooper's, Holbrook and Tarrence are the ones responsible for holding the plaintiff on the highway while he was handcuffed allowing the aforementioned officers to attack him, without cause or provocation, said officers repeatedly [slammed the plaintiff's head into the highway numerous times, kicked the plaintiff, and sprayed

-11-

the plaintiff about his body]. The plaintiff was also, stomped on and punched with fists. The foregoing tacties were entirely out of proportion to the force necessary to subdue the plaintiff, and were applied maliciously and sadisically for the purpose of causing harm to the plaintiff. Such police tacties not only contravened [KSP] policy with respect to the arrest of a compliant suspect, but also were of such strenuous and prolonged application as to outrage and offend a person of normal sensibilities. The violent attack was accomplished by the officers acting in concert and in full view of approximately fourteen (14) other officers from [KSP] and various other law enforcement agencies who did nothing whatsoever to prevent, curtail to limit the beating. Moreover, the vicious physical attack was accompanied by certain of the officers taunting and castigating the plaintiff with slurs and obscenities. Finally. Plaintiff was brought to his feet and led to a patrol car, where aid was administered for the injuries and bleeding of the plaintiff's forehead.

24. After having bandages placed upon his wounds, the plaintiff was placed into a waiting, [THP] patrol car, and once again, pulled from that patrol car, and placed into a [KSP] patrol car. The plaintiff requested an ambulance, because he had been beaten unconscious, and suffered what appeared to be a whiplash, his request was denied. He was initially treated for his injuries at that time at the Simpson County Hospital, after being transported there via a [KSP] cruiser.

25. The individual defendants acted and conspired together to conceal the true facts and events surrounding their unconscionably violent conduct. This attempted cover-up was further effected by defendants intentional creation of false and misleading reports with respect to the beating of the plaintiff. In addition, defendants fabricated

evidence in order to conceal their wrong-doing.

26. After the beating and terrorization of the Plaintiff, certain of the defendants defamed Plaintiff by falsely and publicly characterizing him as a " Wanted Fugitive-Bank Robber". As a result of such defamation, plaintiff suffered injury to his reputation.

27. Plaintiff is informed and believes, and thereupon alleges, that in perpatrating the foregoing acts, each individual defendant was the agent or employee of each other defendant, was acting within the course and scope of such agency or employment and was acting under the color of state law and municipal authority.

28. The City of Franklin, and the [KSP] either explicitly or implicitly authorized and ratified the outrageous conduct and wrongful acts perpetrated by certain of the individual defendants herein. The plaintiff's beating was the foreseeable result of the _de facto_ policies and pervasive practices and customs of the City of Franklin and the [KSP] routinely to use excessive force and intimidation against members of the public, particularly mental ill individuals; to subject police suspects and detainees to unreasonable and inherently dangerous seizures and dehumanizing brutality and verbal abuse; and to conceal and otherwise cover-up incidents of excessive force. In particutar, Mr. Robert Charles Johnson's injuries were the reasonably foreseeable product of the [KSP's] establishment, maintenance and enforcement of a widespread and enduring custom of beating and terrorizing suspects who had been arrested after vehicular pursuits by police officers. Further, as atmosphere of overt and passive attitude, which was fostered and tolerated throughout the [KSP], and within the Commonwealth of Kentucky is particular, contributed substantially to the nature and severity of the Plaintiff's injuries.

29. For a substantial period of time prior to, contemporaneous with, and subsequent to the beating of the plaintiff, the City of Franklin, the Commonwealth and the [KSP] implemented, maintained and tolerated the following deficient policies, practices and customs:

   (a) Hiring and/or failing properly to assign, supervise and control police officers known, or who reasonably should have been known to have used excessive or unreasonable force in the past;

   (b) Failing properly to discipline police officers who has engaged in the use of excessive or unreasonable force or unnecessary violence;

   (c) Failing to conduct adequate investigation of reported police officer misconduct and to maintain an organized and effective system for reporting and investigating incidents of alleged police officer brutality and abuse;

   (d) Discouraging the public from reporting police officer misconduct and otherwise acting to conceal or cover-up police culpability;

   (e) Improperly training police officers with respect to, <u>inter alia</u>, proper self-defense techniques, proper use of pepper-spray, and the proper handling of situations where use of excessive or unreasonable force by police officers could reasonably be expected to occur;

   (f) Fostering a code of silence among the ranks of the [KSP] to such extent that police officer misconduct was not reported by other officers.

30. The plaintiff's beating was the reasonably foreseeable result of each of the deficient policies, practices and customs alleged in Paragraph (13), hereinabove.

31. Defendants, Mayfield, Koback, together with various other unnamed

-14-

officials, supervisory personnal and policymakers of the City of Franklin, the [KSP] and the United States Marshals Service, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in Paragraphs (28) and/or (29), hereinabove; acquiesced in and condoned such policies, practices and customs; and were deliberately indifferent to their foreseeable effects and consequences with respect to the Constitutional rights of Plaintiff and others similarly situated.

32. In perpetrating, sanctioning, tolerating and/or ratifying the outrageous conduct and other wrongful acts described herein, defendants, and each of them, were motivated by class-based animus, characterized by invidious hatred, resentment and hostility. Defendants acted with an intentional, reckless and/or callous disregard for the deliberate indifference toward the life of the plaintiff and his human and Constitutional rights. Defendants actions, and each of them, shocked the conscience, and were willful, oppressive, malicious, fraudulent, and highly offensive to any person of normal sensibilities.

33. As a direct and immediate result of the aforementioned beating, and terrorization, the Plaintiff sustained grave bodily and emotional injuries, causing permanent harm to both his person and psyche. Plaintiff has been hurt and injured in his health, strength, mental stability and activity, all of which injuries have caused and continue to cause plaintiff great physical and emotional pain and suffering, shock, distress, anxiety, humiliation and anguish. Further, the policies, practices and customs implemented, maintained and tolerated by the City of Franklin, the Commonwealth, and the [KSP] and various officials, supervisory personnal and policymakers of these entities, were affirmatively linked to and the moving force behind the injuries

and other damages sustained by the plaintiff herein.

34. The foregoing injuries caused plaintiff to accrue medical and related expenses and lost wages and earning capacity in amounts in accordance with proof.

## CLAIMS FOR RELIEF

### FIRST CLAIM OF RELIEF

35. <u>42 U.S.C. SECTION 1981</u>. Defendants deliberately or recklessly denied Plaintiff equal benefit to all laws and proceedings for the security of his person and property as is enjoyed by other citizens, in violation of the 4th, 8th and 14th Amendments of the U.S. Const., all to Plaintiff's damage as hereinabove alleged.

### SECOND CLAIM FOR RELIEF

36. <u>42 U.S.C. SECTION 1983</u>. Defendants, acting under color of state law, willfully, intentionally, knowingly, and concertedly deprived Plaintiff of rights and privileges and immunities secured by the Constitution and law of the United States, including the 4th, 8th, and 14th Amendments to the U.S. Const. By <u>inter alia</u>;

(a) Needlessly and unreasonably subjecting Plaintiff to the use of excessive and deadly force and threats of great bodily injury and death;

(b) Seizing and arresting Plaintiff in a brutal, terroristic, verbally abusive and otherwise unreasonable manner;

(c) Deliberately, knowingly and/or negligently failing to come to Plaintiff's aid and assistance in contravention of rules and regulations applicable to on-duty police officers;

(d) Interfering with Plaintiff's right to seek redress for his injuries by attempting to conceal and cover-up for defendant

police officers misconduct;

(e) Combining and conspiring to deprive Plaintiff of his Constitutionally protected rights;

(f) Denying Plaintiff due process of law;

(g) Implementing, maintaining and tolerating policies, practices and customs which resulted in the illegal actions and proximately caused Plaintiff's injuries as hereinabove alleged.

### THIRD CLAIM FOR RELIEF

37. <u>42 U.S.C. SECTION 1985 (3)</u>.    Defendants, and two or more of them, conspired for the purpose of:

(a) Depriving Plaintiff of equal protection of the law;

(b) Depriving Plaintiff of due process of law; and

(c) Hindering the constituted authorities from giving or securing equal protection and due process of law to all persons all to Plaintiff's damages as hereinabove alleged.

### FOURTH CLAIM FOR RELIEF

38. <u>42 U.S.C. SECTION 1988</u>.    To the extent the personal resources of the individual defendants herein are deficient in the amount necessary to furnish a suitable remedy to Plaintiff, defendants are liable for such deficiency pursuant to statute.

### FIFTH CLAIM FOR RELIEF

39. <u>Supplemental State Claim Under Kentucky Revised Statute, Civil Rules</u>.    Defendants acted and conspired to beat, terrorize and intimidate the Plaintiff, and otherwise deny the Plaintiff the right to be free from the use of violence or threats of violence against his person, becuase of Plaintiff's race, color and national origin.

-17-

### SIXTH CLAIM FOR RELIEF

40.  <u>Supplemental State Claim Under Kentucky Revised Statute, 508.010, Assault in the first degree.</u>  Defendants intentionally and wantonly struck, kicked, stomped on, punched and administered pepper-spray to the Plaintiff.

### SEVENTH CLAIM FOR RELIEF

41.  <u>Supplemental State Claim Under Kentucky Revised Statute Common Law Negligence.</u>  Defendants City of Franklin, County of Simpson, and the Commonwelth of Kentucky, [KSP] breached a duty of care to the public at large by negligently employing, retaining, supervising and training certain police officer personnel which negligence was the proximate cause of the injuries sustained by the Plaintiff herein.

### PRAYER/RELIEF

WHEREFORE, Plaintiff seeks judgment as follows:

(a) Compensatory, general and special damages in the amount of, $ 500.000, from each defendant named herein, or in accordance with proof;

(b) Exemplary damages (against each of the individual defendants) in the amount of, $ 500.000, or sufficient to make an example of those defendants and to deter them and all others who would behave as have defendants herein;

(c) Reasonable attorney fees and expenses of litigation;

(d) Costs of suit necessarily incurred;

(e) The Plaintiff request pursuant to § 1915, that this Honorable Court appoint him counsel to represent him in this case

-18-

for the following reasons:

The plaintiff received a closed head injury, he is unable to afford counsel, the issues involved in this case are complex, the plaintiff has a limited knowledge of the law, and he is extremely limited access to the law library.

(f)   Such further relief as the Court deems just and proper.

Date:                                    Respectfully submitted,

                                         _____
                                         Robert Charles. Johnson #179241
                                         Roederer Correctional Complex
                                         P.O. Box # 69
                                         La Grange, Kentucky 40031


I declare under penalty of perjury that the information contained in this document is true and correct.

This, 13th day of, December 2004.  _____
                                         (Signature of Plaintiff)
                                         Robert Charles. Johnson


COMMONWEALTH OF KENTUCKY    )
                            )
                            § 
                            )
COUNTY OF OLDHAM            )


NOTARY STATEMENT

Subscribed and sworn to before me by, _____,
                                       Robert Charles. Johnson
on this the, 13th day of December 2004.


__6/4/07_____         _____
MY COMMISSION EXPIRES:             NOTARY PUBLIC,
                                   STATE AT LARGE, KENTUCKY

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury pursuant to Fed. R. Civ.-P. 38 (b), and Kentucky Revised Statute, Rules of Civil Procedures, CR 39.01.

Respectfully submitted,

Robert Charles. Johnson
Plaintiff, Pro-Se
Roederer Correctional Complex
P.O. Box # 69
La Grange, Kentucky 40031