UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:04-CV-00197-R

ROBERT CHARLES JOHNSON                                                              PLAINTIFF

v.

CITY OF FRANKLIN, KENTUCKY et al.                                              DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court for screening, pursuant to 28 U.S.C. § 1915A. Plaintiff, Robert Charles Johnson, *pro se*, seeks compensatory and punitive damages against eighteen Defendants in connection with injuries he sustained during his arrest. Plaintiff seeks relief under 42 U.S.C. § 1981, 1983, 1985(3), and 1988, for the alleged deprivation of his constitutional rights, including the right against unreasonable seizures under the Fourth Amendment to the Federal Constitution. Plaintiff further asserts state law claims of conspiracy, assault, and negligence. Although several claims in the complaint fail as a matter of law and will be dismissed, the Court will allow the excessive force claim to proceed.

### I.

When a prisoner commences a civil action against a government entity, officer, or employee, the district court must review the complaint, before service of process on the defendants, to identify "cognizable claims" and to dismiss any portion of the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

The district court must liberally construe the allegations in a light most favorable to the plaintiff and accept all factual allegations as true. *Prater v. City of Burnside*, 289 F.3d 417, 424

(6th Cir. 2002). The district court better serves "substantial justice" by examining the "thrust, not just the text," of *pro se* litigants' allegations. *Burton v. Jones*, 321 F.3d 569, 573-74 (6th Cir. 2003). Although the court holds *pro se* pleadings to a less stringent standard than formal pleadings drafted by lawyers, the district court is under no duty to conjure up unpled allegations. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

A complaint fails to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). The complaint must contain more than bare legal conclusions. *Lillard v. Shelby County Board of Education*, 76 F.3d 716, 726 (6th Cir. 1996). The complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

## II.

Plaintiff alleges he sustained personal injuries because officers used excessive force in effecting his arrest, following the officers' multi-vehicle pursuit, across the Tennessee-Kentucky state line on Interstate 65, of Plaintiff, who was driving a reportedly stolen vehicle. Plaintiff sues the City of Franklin, Kentucky and seventeen other Defendants, in their official and individual capacities: seven officers of the Kentucky State Police; one U.S. Marshal; two officers of the Portland Police Dept., Sumner County, Tennessee; six officers of the Tennessee Highway Patrol; and two unknown officers.

Plaintiff alleges at least five of the Defendant officers actively and intentionally subjected Plaintiff to excessive force, for the very purpose of causing harm, and that the remaining officers passively witnessed the abuse. Plaintiff specifically alleges Defendant Kenneth Rippy, Officer, Portland City Police, grabbed Plaintiff by the hair of his head (while held prone on the ground by Defendant, John Holbrook, Officer, Kentucky State Police) and slammed his head to the pavement several times, causing bleeding about the nose and forehead. At about the same time, according to Plaintiff, Defendant Stan Jones, Lieutenant, Portland Police Department, sprayed Plaintiff in the face with OC spray, or pepper spray. Plaintiff further alleges Defendant James Grant, Officer, Tennessee Highway Patrol, later kicked Plaintiff twice in the ribs.

Plaintiff was arrested and taken into the custody of Kentucky authorities, who transported him to the Simpson County Hospital for treatment of his injuries. According to Plaintiff, he was diagnosed with a closed head injury, admitted for observation overnight, and discharged the next day. Plaintiff was then detained in the Simpson County Jail on charges of wanton endangerment, first, two counts; attempted assault, first; criminal mischief, first; and fleeing or evading police, first.

Plaintiff further alleges his injuries were the result of unlawful, official policies or custom of Franklin, Kentucky, where the chase ended, and of the Kentucky State Police, the Tennessee Highway Patrol, the United States Marshal Service, and the Portland Police Department – Sumner County, Tennessee.

Plaintiff filed this lawsuit while incarcerated in a Kentucky penal institution. However,

the complaint does not disclose the specifics of Plaintiff's conviction.[1]

Plaintiff alleges a conspiracy to cover-up the true facts of the incident.  He attaches to the complaint the reports of three officers, named as Defendants, John Holbrook, Dathan Tarrence, and Herman Hall, officers with the Kentucky State Police.  In their reports, the officers provide details of the events of the car chase and arrest but name no individual officers who Plaintiff alleges battered his head, applied the pepper spray, or kicked him.

Plaintiff seeks compensatory and punitive damages.

### III.

Congress enacted § 1983 to create a civil remedy for individuals who have suffered injury at the hands of government officials acting in violation of federal law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Section 1983, itself, creates no substantive rights but, rather, affords a remedy to rights established elsewhere.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Section 1983 states, "Every person who, under color of [law], subjects ... any [person] to the deprivation of any rights ... secured by the Constitution and laws, shall be liable to the party injured ... ."  42 U.S.C. § 1983.

Plaintiff essentially alleges he sustained serious bodily injury during his arrest due to the excessive force applied by Defendants Rippy, Holbrook, Jones and Grant.  Defendant Holbrook

---

[1] The complaint mentions that "certain defendants" defamed Plaintiff's character by publicly characterizing him as a "wanted fugitive-bank robber." (Compl. at 13.)  The Court will not review this claim, however, because the complaint contains no allegations linking this to a particular defendant.  *See Rizzo v. Goode*, 423 U.S. 362, 375 (1976); *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983) (Bare and conclusory allegations that a defendant deprived the plaintiff of constitutional or statutory rights are insufficient to state a cognizable claim); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (A district court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions).

is an officer with the Kentucky State Police; Defendants Rippy and Jones are officers with the Portland Police Department, Sumner County, Tennessee; and Defendant Grant is an officer with the Tennessee Highway Patrol. (Analysis of the claims against the remaining officers named as Defendants appears in Subsection C, below.)

In *Graham v. Conner*, the Supreme Court held that claims of excessive force in the course of making an arrest, investigatory stop, or other seizure of a person invokes the protection of the Fourth Amendment, which guarantees citizens the right "to be secure in their persons ... against unreasonable ... seizures" of the person. 490 U.S. 386, 395 (1989). The Court stated:

> Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it. *See Terry v. Ohio*, 392 U.S. at 22-27. Because "[t]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," *Bell v. Wolfish*, 441 U.S. 520 (1979), however, *its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight*. *See Tennessee v. Garner*, 471 U.S., at 8-9 (the question is "whether the totality of the circumstances justifie[s] a particular sort of ... seizure").

*Graham*, 490 U.S. at 396; *see also Phelps v. Coy*, 286 F.3d 295 (6th Cir. 2002); *Kostrzewa v. City of Troy*, 247 F.3d 633 (6th Cir. 2001); *Donovan v. Thames*, 105 F.3d 291 (6th Cir. 1997).

Although the complaint contains sufficient allegation that Plaintiff suffered a deprivation of his Fourth Amendment right against excessive force, the complaint casts too wide a net in naming "persons" amenable to suit for this claim under § 1983.

5

**A.  Official-Capacity Claims**

Plaintiff sues Defendants in their official and individual capacities.  Pleading official capacity is another way of pleading suit against the entity of which the defendant is an agent, official, or employee, and the pleader may recover damages against the entity rather than the personal assets of the individual.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Thirteen Defendants are state police officers.  The official-capacity claims are, therefore, claims against the State of Tennessee and the Commonwealth of Kentucky.

Section 1983 applies to "persons," however, and not to state governments, which enjoy immunity from citizen, damages suits under the Eleventh Amendment.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989); *Hafer v. Melo*, 502 U.S. 21 (1991).  Thus, no damages remedy may lie against the state-officer Defendants in their official capacities.

The Court will therefore dismiss the official-capacity claims against the Defendant-officers of the Kentucky State Police and the Tennessee Highway Patrol.

**B.  Municipal Liability – § 1983**

A municipal corporation or local government is a "person" within the meaning of § 1983, based on the statute's legislative history.  *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978); *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir. 2000).  To recover damages against a county government, however, a plaintiff must allege an official policy or custom caused a violation of the plaintiff's federal rights; municipal liability arises not merely from the actions of its agents, employees, or officials.  *Monell,* 436 U.S. at 658; *Holloway*, 220 F.3d at 772.  "[A] governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation; thus, in an official-capacity suit the entity's 'policy' or 'custom'

6

must have played a part in the violation of federal law." *Graham*, 473 U.S. at 166 (citing *Monell,* 436 U.S. at 658)). It suffices to allege, in the complaint, that an individual officer's conduct conformed to official policy or custom. *Leatherman v. Tarrant Co. Narcotics Unit*, 507 U.S. 163, 165 (1993).

Here, the complaint contains no allegations of fact that pertain to any officers or employees of Franklin, Kentucky. The only Kentucky Defendants are officers with the Kentucky State Police. Because the complaint contains no allegations that officials or employees of Franklin, Kentucky acted in conformance with an unconstitutional policy or custom, there are no set of facts to support a § 1983 municipal-liability claim against the City of Franklin.

Likewise, the complaint contains no allegations that pertain to Sumner County, Tennessee from which the Court could infer that a Sumner County policy or custom was responsible for any constitutional deprivation. The complaint simply contains no set of facts to support of a § 1983 municipal-liability claim against the Sumner County officers in their official capacities which would entitle Plaintiff to relief.

The Court will therefore dismiss the municipal-liability claim against Franklin, Kentucky and the official-capacity claims against the Defendant police officers of Sumner County, Tennessee, for failure to state a claim on which relief may be granted.

**C.  Due Process – § 1983**

In addition to allegations of policy or custom that pertain to municipal liability, Plaintiff

generally alleges a denial of due process, actionable under § 1983.[2]  Plaintiff specifically alleges Defendants failed "to come to Plaintiff's aid and assistance in contravention of rules and regulations applicable to on-duty police officers." (Compl. at 16.)

These allegations do not support, however, a claim that Plaintiff suffered a deprivation of his federal right to due process. *Albright v. Oliver*, 510 U.S. 267, 272 (1994) (holding that arrestees alleging excessive force invoke the explicit and exclusive protection of the Fourth Amendment rather than the Fourteenth Amendment's substantive due process protection, a more generalized restriction on government action) (citing *Graham v. Connor*, 490 U.S. at 395).

A failure to follow rules and regulations of the state or county that employs an individual officer simply states a violation of those rules and regulations, not a constitutional violation. "Procedural requirements alone do not create a substantive liberty interest, and the mere violation of such procedures is not a constitutional violation." *Rienholtz v. Campbell*, 64 F.Supp.2d 721 (W.D.Tenn. 1999), *aff'd* 198 F.3d 247 (6th Cir. 1999), (citing *Hewitt v. Helms*, 459 U.S. 460, 471 (1983)); *Levin v. Childers*, 101 F.3d 44, 46 (6th Cir. 1996).

The Court will therefore dismiss the due process, § 1983 claim against the remaining (or passive witness) individual officers, for failure to state a claim on which relief may be granted.

**D.  Conclusion – Section 1983**

The Court identifies in the complaint a Fourth Amendment claim against Defendants Rippy, Holbrook, Jones and Grant for the alleged use of excessive force. The claims set forth in subsections (a) and (b) of the Second Claim for Relief and any remedy available under § 1988

---

[2]  Although the complaint properly pleads this as a claim under § 1983, one Defendant is a federal officer and is amenable to suit under an analogous right of action recognized in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

survive initial review and will be further adjudicated by this Court only upon proper motion of the parties. The Court cautions Plaintiff that by allowing these claims to proceed, the Court makes no determination whether Plaintiff will ultimately prevail. By this ruling, the Court will simply cause service of process upon these Defendants to answer and to defend this and the supplemental state-law claims.

### IV.

Plaintiff seeks relief under 42 U.S.C. § 1981, which provides recourse to individuals who have been deprived of equal protection of the law. 42 U.S.C. § 1981. However, the Defendant officers are not amenable to suit under § 1981 because of their public status. All Defendants are government employees and are thus a state actors. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 (1982) (stating that "state employment is generally sufficient to render the defendant a state actor").

When a state actor, as opposed to a private individual, allegedly violates a person's rights under § 1981, the plaintiff's exclusive recourse is under § 1983. *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 736 (1989). "We hold that the express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." *Id.*; *see also Coger v. Connecticut*, 309 F.Supp.2d 274, 281 (D.Conn. 2004).

The question arises whether the *Jett* exclusivity doctrine remains good law in light of the 1991 amendment to § 1981. Congress added subsection (c) which states, "The rights protected by this section are protected against impairment by nongovernmental discrimination and

impairment under color of State law." 42 U.S.C. § 1981(c). Neither the Supreme Court nor the Sixth Circuit Court of Appeals has ruled on this issue, although an unpublished opinion of the Sixth Circuit cites *Jett* as authority for dismissing a state employer under § 1981. *See McCrary v. Ohio Dep't of Human Services*, 229 F.3d 1153, 2000 WL 1140750 (6th Cir. 2000); *cf. Chapman v. Higbee Co.*, 319 F.3d 825 (6th Cir. 2003) (ruling that a § 1981 claim is cognizable against a private retailer and a § 1983 is cognizable against the retailer's security officer, an off-duty sheriff's deputy in uniform, who detained a suspected shop-lifter).

Other circuits have declined to deviate from the *Jett* rule because Congress expressed no intention to overrule *Jett* or to create a remedy against state actors in addition to § 1983. *See Burns v. Board of Com'rs of County of Jackson*, 197 F.Supp.2d 1278, 1295 (D.Kan. 2002) (citing the Fourth, Fifth, Eighth and Ninth Circuits for the holding that the 1991 amendment has no affect on the *Jett* rule and that § 1983 provides the exclusive remedy for a § 1981 violation by a state governmental unit); *see also Burbank v. Office of Atty. Gen. of Conn.*, 240 F.Supp.2d 167 (D.Conn. 2003) (citing *Felton v. Polles*, 315 F.3d 470, 480-81 (5th Cir. 2002)).

Thus, the Defendant officers, as government employees or state actors, are not amenable to suit under § 1981. The Court will therefore dismiss the § 1981 claim for failure to state a claim on which relief may be granted.

## V.

Plaintiff alleges Defendants conspired to deprive Plaintiff of equal protection and due process of law, for which he seeks relief under 42 U.S.C. § 1985(3). Specifically, Plaintiff alleges a conspiracy to cover up Plaintiff's "beating/injuries." (Compl. at 7.) Plaintiff further states Defendants intentionally created false and misleading reports and fabricated evidence to

conceal their wrong-doing. Plaintiff also alleges Defendants were "motivated by class-based animus." (Compl. at 12, 13, 15.)[3]

To state a conspiracy claim under § 1985, the complaint must contain the allegation that the defendants were motivated by racial or class-based or discriminatory animus. *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)). Plaintiff alleges such a motivation but fails to allege his race or that he is a member of a protected class.

Under § 1985, the plaintiff must also allege an act in furtherance of the conspiracy, which causes injury or the deprivation of any right or privilege of the United States. *Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996); *Johnson v. Hills & Dales Gen. Hospital*, 40 F.3d 837, 839 (6th Cir. 1994). A § 1985 complaint must contain specific factual allegations that a conspiracy existed and that the defendants acted with the specific intent to deprive the plaintiff of equal protection of the law; conclusory allegations unsupported by material facts are insufficient to state a claim. *Brooks v. American Broadcasting Companies, Inc.*, 932 F.2d 495, 498-99 (6th Cir. 1991); *Azar v. Conley*, 456 F.2d 1382, 1384 (6th Cir. 1972); *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1971).

Here, the complaint lacks the requisite detail to state a § 1985 conspiracy claim. Plaintiff alleges Defendants created false reports of the vehicle chase and subsequent arrest and injuries inflicted on Plaintiff. That Plaintiff disputes portions of these reports provides no reasonable inference of a conspiracy to deprive Plaintiff of equal protection or due process of law. Plaintiff

---

[3] Plaintiff makes duplicative allegations of a conspiracy under both § 1983, the Second Claim for Relief, and § 1985, the Third Claim for Relief. The dismissal thus includes the § 1985 claim and subsections (d) and (e) of the Second Claim for Relief.

provides only conclusory allegations that unspecified officers fabricated evidence. Plaintiff sets forth no facts of conspiratorial acts on the part of any of the Defendants. Plaintiff also fails to set forth factual allegations that any Defendant officer acted with the specific intent to deprive Plaintiff of equal protection, i.e., that Plaintiff was treated in a discriminatory manner because of his race or membership in a protected class, not specified in the complaint. Absent these factual allegations, the Court must dismiss the § 1985 claim for failure to state a claim upon which relief may be granted.

## VI.

In his Seventh Claim for Relief, Plaintiff seeks redress against the City of Franklin and the Commonwealth of Kentucky for common law negligence. Again, the Kentucky officials named in this suit are Kentucky State Police officers. There are no allegations that any Franklin officials were involved in Plaintiff's arrest. The Kentucky officials named as Defendants were, by the fact of their employment, acting in behalf of the Commonwealth. The City of Franklin or Simpson County was simply the situs of the arrest. Because a municipality's liability may arise only through the conduct of its officials, agents or employees, the Court will dismiss this claim against the City of Franklin.

Further, the Eleventh Amendment bars citizen, damages suits against a state in federal court. *Quern v. Jordan*, 440 U.S. 332 (1979). The Court will therefore dismiss this claim against the Commonwealth on immunity grounds.

## VII.

In summary, the Court identifies a Fourth Amendment claim against Defendants Rippy, Holbrook, Jones, and Grant, in their individual capacities, for the alleged use of excessive force,

in violation of the Fourth Amendment.  The Court will cause service of process upon these Defendants to answer and to defend this and the remaining supplemental state-law claims.

The Court will dismiss the § 1983 due process claim and the remaining Defendants, the municipal-liability, § 1983 claims, (Franklin, Kentucky and Sumner County, Tennessee); the § 1981 claims; and the § 1985 claims, for failure to state a claim on which relief may be granted, pursuant to § 1915A.  The Court will dismiss the official-capacity Defendants, State of Tennessee and the Commonwealth of Kentucky, on immunity grounds, pursuant to § 1915A.  Finally, the Court will dismiss the common-law negligence claim.

The Court will enter an order dismissing and a scheduling order consistent with this Memorandum Opinion.

Dated:

cc:     Plaintiff, *pro se*
          Defendants Rippy, Holbrook, Jones, and Grant
          County Attorney, Simpson County, Kentucky
          General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel, Commonwealth of Kentucky
          Attorney General, State of Tennessee
          County Attorney, Sumner County, Tennessee

4413.007